**DICKINSON WRIGHT PLLC**
John L. Krieger
Nevada Bar No. 6023
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
(702) 550-4439
jkrieger@dickinsonwright.com

*Attorneys for Plaintiff*
*BBK Tobacco & Foods, LLP*
*d/b/a HBI International*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, an Arizona limited liability partnership, d/b/a HBI INTERNATIONAL,<br><br>*Plaintiff,*<br><br>v.<br><br>Shen Zhen Shi Wu Qing Cheng Technology Ltd. dba JuicyPod, an unknown Chinese entity doing business out of San Mateo, California.<br><br>*Defendant.* | Case No. 2:22-cv-00205-JCM-VCF<br><br>**ORDER FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND ATTORNEYS' FEES AGAINST DEFENDANT SHEN ZHEN SHI WU QING CHENG TECHNOLOGY LTD. DBA JUICYPOD** |

The Court, having duly considered Motion for Default Judgment, Permanent Injunction, and Attorneys' Fees Against Defendant Shen Zhen Shi Wu Qing Cheng Technology Ltd. dba JuicyPod (ECF No. 28) filed by Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("BBK"), hereby enters judgment against Defendant Shen Zhen Shi Wu Qing Cheng Technology Ltd. dba JuicyPod. ("JuicyPod") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over BBK and JuicyPod and over the subject matter of this action for entry and enforcement of this Judgment and Permanent Injunction.

2. Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. §§ 1391 and 1400.

3. BBK's Motion for Default Judgment, Permanent Injunction, and Attorneys' Fees as to JuicyPod is **GRANTED**.

4. BBK is the owner of all right, title, and interest in and to the BBK Family of JUICY® Marks, as identified in the Amended Complaint (ECF No. 6).

5. BBK's rights in the BBK Family of JUICY® Marks are valid and enforceable.

6. BBK served its Complaint on JuicyPod on February 3, 2022, at the CHAMPS trade show held in Las Vegas, Nevada. (See ECF Nos. 5, 7, & 8.)

7. The Complaint alleges claims against JuicyPod for: Federal Trademark Infringement under 15 U.S.C. § 1114; False Designation of Origin and Representation under 15 U.S.C. § 1125(a); and, Nevada common law Trademark Infringement and Unfair Competition.

8. BBK amended its Complaint on June 29, 2022, to correct a misnomer and to properly identify the Chinese company otherwise known as "JuicyPod," and to include additional allegations concerning JuicyPod's intentional and willful infringement after it became aware of the lawsuit ("Amended Complaint"). (ECF No. 6, ¶¶ 61-67.) BBK did not add any new causes of action. (*Compare* ECF No. 1 *with* ECF No. 6.)

9. JuicyPod hired legal counsel to assist with a potential resolution of the matter and filed an answer to the Amended Complaint on November 7, 2022. (*See* ECF Nos. 10, 11, & 14.) However, JuicyPod's attorney filed a motion to withdraw as counsel shortly thereafter, which the Court granted. (*See* ECF Nos. 17 & 25.)

10. The Court ordered default be entered against JuicyPod on March 30, 2023. (ECF No. 26.) The Clerk officially entered default against JuicyPod on April 3, 2023. (ECF No. 27.)

11. Rather than defend these claims or refute BBK's allegations, JuicyPod ignored this lawsuit and this Court. JuicyPod has not moved to set aside the entry of default, nor otherwise signaled any intent to participate in this lawsuit.

12. Judgment is entered against JuicyPod for the following:

    a. willfully infringing BBK's registered trademark rights to the BBK Family of JUICY® Marks, in violation of 15 U.S.C. § 1114;

    b. willfully infringing BBK's trademark rights to the JUICY®, and

1  JUCCYPOD® Products, which constitutes a false designation of origin that has caused, or is likely to cause, confusion, mistake, and deception as to the affiliation, connection, or association between products bearing the JUICYPOD and JUCCYPOD Names (as defined in the Amended Complaint) and the JUICY® Brand Products (as defined in the Amended Complaint) and commercial activities of BBK, all in violation of 15 U.S.C. § 1125(a)(1)(A); and,

 c. willfully infringing BBK's common law trademark rights and engaging in unfair competition in Nevada.

13. The Court finds that BBK has suffered and will continue to suffer irreparable harm and injury from JuicyPod's continued use of the JUICYPOD and JUCCYPOD Names, or any other identical or similar mark, word or name incorporating or confusingly similar to BBK Family of JUICY® Marks.

14. Pursuant to 15 U.S.C. § 1116 and Rule 65(d) of the Federal Rules of Civil Procedure, JuicyPod its employees, officers, directors, agents, successors, and assigns, and all other persons or entities acting in active concert or participation with any of them, are hereby permanently enjoined from:

 a. copying, manipulating, reproducing, distributing, selling, displaying, or otherwise using in any manner the JUICYPOD and JUCCYPOD Names on Defendant's Products, including the JUICYPOD Products, or other products or services identical or related to the BBK Products;

 b. filing, maintaining or pursuing in any way any application for registration with the United States Patent and Trademark Office or any other governmental agency in the U.S. of the JUICYPOD and JUCCYPOD Names and variants thereof as a trademark or service mark for any products or services involving or associated with BBK Products and any other products or services identical or related to the BBK Products; and

 c. using the JUICYPOD and JUCCYPOD Names or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with BBK, the BBK Family

of JUICY® Marks, or any BBK Products.

15. JuicyPod must immediately do the following:

   a. notify all customers, distributors, advertisers and other persons, involved in Defendant's sale of, or attempt to sell, products or services using the JUICYPOD and JUCCYPOD Names, that the BBK Family of JUICY® Marks are owned and controlled exclusively by and for the benefit of BBK;

   b. deliver to BBK to be destroyed all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession and bearing the JUICYPOD and JUCCYPOD Names (or any other mark, name, or other designation, description, or representation that violates § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same; and

   c. file with this Court and serve upon BBK within thirty (30) days after entry of the mandatory injunction, a written report, signed under oath by a corporate officer of Juicy Pod, that sets forth in detail the manner and form in which Defendant has complied with each of the term of this Order pursuant to 15 U.S.C. § 1116.

16. Pursuant to 15 U.S.C. § 1118, any of Defendant's Products using the JUICYPOD and JUCCYPOD Names or variants thereof, and any other infringing products, and all articles by means of which such copies may be produced are hereby ordered impounded, and JuicyPod shall destroy all devices, literature, advertising, goods, products, and other materials bearing the JUICYPOD and JUCCYPOD Names, or any other matter that infringes on BBK's rights in the BBK Family of JUICY® Marks and provide written confirmation it has complied in the report due under Paragraph 15(c) above.

17. Post-judgment interest shall be allowed as authorized by law until the judgment is satisfied.

18. The Court finds this case to be exceptional under 15 U.S.C. § 1117(a), and that BBK has demonstrated its attorneys' fees are reasonable, and therefore pursuant to 15 U.S.C. § 1117(a), as well as Rule 54(d) of the Federal Rules of Civil Procedure, awards fees in the amount

of Fifty Thousand Four Hundred Eighty Dollars and Thirty Cents ($50,480.30) and costs in the amount of Five Hundred Eighty Nine Dollars and 80 Cents ($589.80).

19. This Court retains jurisdiction over the parties to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

DATED November 3, 2023.

_____
UNITED STATES DISTRICT JUDGE