UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, | Case No.2:22-CV-205 JCM (MDC) |
| Plaintiff(s), | |
| v. | ORDER |
| SHEN ZHEN SHI WU QING CHENG TECHNOLOGY LTD., | |
| Defendant(s). | |

Presently before the court is plaintiff BBK Tobacco & Foods, LLP's motion for order to show cause why defendant Shen Zhen Shi Wu Qing Cheng Technology Ltd. dba JuicyPod should not be held in civil contempt. (ECF No. 35). Plaintiff also filed a notice of defendant's failure to respond to this motion. (ECF No. 37).

This action arises out of trademark infringement. On November 3, 2023, this court entered an order for default judgment, a permanent injunction, and attorney's fees award against defendant. (ECF No. 30). Plaintiff now moves this court to issue an order requiring defendant to show cause why it should not be held in civil contempt for violating the court's order. (ECF No. 35).

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990); *Shillitani v. U.S.*, 384 U.S. 364 (1966). Punishment for civil contempt is considered remedial and serves to coerce parties to comply with a court's orders. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441-42 (1911). "The standard for finding a party in civil contempt is well settled: [t]he moving party has the

burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003) (quoting *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002)).

Here, the record establishes that defendant is in receipt of the November 3, 2023, order. (ECF No. 30).  Thus, after reviewing the instant motion, record, and proceedings, the court will issue an order to show cause.  Plaintiff has shown by clear and convincing evidence that defendant violated this court's order.  (*Id*.).  Moreover, defendant failed to file a response to the instant motion, constituting its consent to the granting of this motion.  *See* LR 7-2(d).

The court grants plaintiff's motion and orders defendant to respond to this order and show cause why it should not be held in civil contempt of court.  However, the court denies plaintiff's request for attorney's fees associated with bringing the instant motion.  Plaintiff cites no legal authority and fails to adequately support such a request.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to show cause (ECF No. 35) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant SHOW CAUSE in writing, on or before November 21, 2024, why the court should not hold it in civil contempt for failure to comply with the court's November 3, 2023, order.  Plaintiff may file a response no later than seven (7) days after defendant's submission if it so chooses.

IT IS FURTHER ORDERED that failure to timely show cause will result in a finding of contempt and the imposition of sanctions.  However, if defendant complies with the court's November 3, 2023, order, the court may decline to enter sanctions or lift such sanctions before they take effect.  *See Int'l Union United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

1  IT IS FURTHER ORDERED that plaintiff shall serve a copy of THIS ORDER upon defendant and file proof of service within seven (7) days of this order.

IT IS FURTHER ORDERED that plaintiff's request for attorney's fees is DENIED without prejudice.

DATED November 8, 2024.

_____
UNITED STATES DISTRICT JUDGE