# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, | Case No. 2:22-CV-205 JCM (MDC) |
| Plaintiff(s), | ORDER |
| v. | |
| SHEN ZHEN SHI WU QING CHENG TECHNOLOGY, LTD., | |
| Defendant(s). | |

Presently before the court is plaintiff BBK Tobacco & Foods, LLP's response to this court's order to show cause. (ECF No. 40).

On November 8, 2024, this court granted plaintiff's motion for order to show cause why defendant Shen Zhen Shi Wu Qing Cheng Technology Ltd. dba JuicyPod should not be held in civil contempt. (ECF No. 38). Defendant has failed to show cause in writing why it should not be held in civil contempt for failure to comply with this court's November 3, 2023, order.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990); *Shillitani v. U.S.*, 384 U.S. 364 (1966). Punishment for civil contempt is considered remedial and serves to coerce parties to comply with a court's orders. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441-42 (1911).

There are two types of civil contempt sanctions: coercive and compensatory. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016); *Gen. Signal Corp. v. Donallco, Inc..*, 787

**James C. Mahan**
**U.S. District Judge**

F.2d 1376, 1380 (9th Cir. 1986); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778-79 (9th Cir. 1983) (citation omitted).  Plaintiff seeks coercive civil sanctions.  (ECF No. 40).

Coercive civil sanctions are intended "to coerce the defendant into compliance with the court's order[.]"  *Shell Offshore Inc.*, 815 F.3d at 629.  These fines are payable to the court, not the opposing party.  *See Gen. Signal Corp.*, 787 F.2d at 1380 (citing *Winner Corp. v. H.A. Caesar & Co.*, 511 F.2d 1010, 1015 6th Cir. 1975).

The court finds it necessary to hold defendant in civil contempt of court.  Plaintiff asks this court to award it the delinquent fees already owed in the amount of $51,070.10 and a civil fine of $25,000.00.  (ECF No. 40).  The court will award plaintiff the delinquent fees already owed.  However, a fine will likely not have the desired coercive effect.

Instead of a fine payable to the court, a court may award plaintiff its attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory sanction.  *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

Thus, the court imposes a civil compensatory sanction, awarding plaintiff its fees and costs incurred in obtaining the instant contempt finding.  Plaintiff shall submit a memorandum of fees and costs incurred in obtaining the contempt finding, along with a proposed order granting its fees and costs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant is found in civil contempt of court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that plaintiff shall submit a memorandum of fees and costs incurred in obtaining the contempt finding, along with a proposed order granting its fees and costs. The proposed order shall also include the delinquent fees already owed to plaintiff.

DATED April 2, 2025.

                                                  /s/ James C. Mahan
                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -